IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT E. ADAMS,

    Plaintiff,

       v.                                         1:16-cv-00963-RB-LAM

UNITED STATES OF AMERICA,
*Department of Homeland Security,*
*A cabinet department of the United*
*States federal government*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction (Doc. 7). Having reviewed the accompanying briefing and being otherwise fully advised, the Court will grant the Motion.

**I.  PROCEDURAL POSTURE**

Plaintiff Robert Adams, through counsel, filed a Complaint against the United States, alleging that agents of the Department of Homeland Security ("DHS") had, through negligent mishandling, damaged his personal property during their seizure of 1600 historical firearms and computer equipment. Plaintiff now seeks relief under the Federal Tort Claims Act ("FTCA").

On October 31, 2016, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. Doc. 7. Plaintiff filed a timely response and Defendant replied. *See* Docs. 16, 17.

**II.  FACTUAL ALLEGATIONS**

Plaintiff is a New Mexico resident domiciled in Albuquerque. Doc. 1 at 2. Plaintiff owns a business which buys and sells valuable firearms and holds several federal firearms

licenses. *Id.* Through this venture and his personal collection, Plaintiff has amassed a substantial firearms inventory.

On January 23, 2013 Plaintiff was stopped in his vehicle by DHS agents in tactical gear brandishing automatic weapons. *Id.* at 3. They detained him and informed him that a warrant was being executed related to alleged gun smuggling. *Id.* These agents entered Plaintiff's residence and business as well as a trailer owned by Plaintiff in his neighbor's yard. *Id.* at 4. Plaintiff also claims that DHS agents subsequently raided his properties and storage facility in Denver Colorado. *Id.* During the course of their activities, Plaintiff alleges that DHS seized hundreds of thousands of dollars worth of Plaintiff's property, including nearly 1,600 rare and historically significant firearms, computer equipment, paperwork and other property pertaining to Mr. Adams's business and firearms collection. *Id.* at 4-5. Plaintiff further claims that during their searches and seizures, Defendants roughly handled and damaged Plaintiff's possessions, broke his locks and safes, and pried open containers. *Id.*

Following the District Court's ruling on Plaintiff's Rule 41 pre-indictment motion for the return of his property, the government agreed to return the vast majority of Plaintiff's property – including almost all of the rare and collectible firearms seized from his personal residences and businesses in New Mexico and Colorado. *Id.* at 5. The government did so in several large returns, occurring on September 10, 2013, September 23 and 24, 2013, and November 26, 2013. *Id.* The government did eventually indict Plaintiff in Case No. 1:13-cr-03301-JAP and prosecuted him under 47 counts of various alleged firearms and importation of firearms charges. *Id.* These claims were dismissed without prejudice on July 16, 2015 and Plaintiff's remaining seized property was returned to him. *Id.*

Plaintiff claims that his property was substantially and severely damaged as a result of its handling and storage by DHS. *Id.* at 6. He asserts that: at least one valuable firearm remains missing; an antique 1839 U.S. Flintock Musket was broken in half; a rare and collectible Gustloff shotgun suffered irreparable damage; various parts of his firearms were missing or broken including, pistol grips, holsters, firearms magazines, crates, pistol boxes, and presentation cases; virtually all of the seized firearms were mishandled and had scratches and gouges that were not present before the seizures; and at least 3 of his computer hard drives were destroyed. *Id.* Plaintiff claims that these harms were the result of negligence by the government, and seeks compensation for the value of his lost data, lost income and business opportunities, damage to his home and personal property, attorney's fees, and emotional distress. *Id.* at 6-7.

### III.     LEGAL STANDARD RE: MOTIONS TO DISMISS UNDER RULE 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction [and] the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "A 12(b)(1) motion is the proper avenue to challenge the court's subject matter jurisdiction, and Rule 12(h)(3) requires that '(w)henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Barnson v. United States*, 531 F. Supp. 614, 617 (D. Utah 1982). Such motions may take one of two forms. First, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing motions of this type, "a district court must accept the allegations in the complaint as true." *Id*. Second, "a party may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends. *Id.* In evaluating motions brought under the second form, the Tenth Circuit explained:

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* (internal citations omitted). Accordingly, this Court reviews the face of the complaint and any relevant external materials to determine whether Plaintiff has presented claims within the Court's jurisdiction, a necessary prerequisite for adjudication on the merits. Fed. R. Civ. P. 12(b)(1); *see also Fleming v. Gutierrez*, 785 F.3d 442, 444 (10th Cir. 2015) (holding that lack of subject matter jurisdiction precludes reaching the merits of a dispute).

### IV.    DEFENDANT'S MOTION TO DISMISS

Defendant argues that Plaintiff's negligence claim should be dismissed. *See* Doc. 7. Specifically, the government claims that Plaintiff's allegations do not fall within the Court's subject matter jurisdiction, as neither the FTCA nor the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106–185, § 3, 114 Stat. 202, 211 ("CAFRA") have waived Defendant's sovereign immunity. *Id.* Ultimately, the Court concludes that it does not possess jurisdiction over Plaintiff's negligence count, entitling Defendant to dismissal.

#### A. Federal Sovereign Immunity

The concept of sovereign immunity establishes that the United States cannot be sued without its consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir.1992). Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This means that, with regard to suits initiated against the United States or an entity thereof, federal courts lack subject matter jurisdiction except in instances where the United States has waived its sovereign immunity. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

The scope of a sovereign immunity waiver must be strictly construed in favor of the sovereign. *Sossamon v. Texas*, 563 U.S. 277, 292 (2011). Consequently, Plaintiff may not proceed unless he can establish that the United States has unequivocally waived its sovereign immunity with respect to his claim. *See Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010); *see also United States v. King*, 395 U.S. 1, 4 (1969) (a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed").

Here, Plaintiff's negligence claim seeks relief pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and §§ 2671-2680. *See* Doc. 1 at 1. In addition, Plaintiff has alternatively claimed that, even if not subject to the general FTCA waiver of sovereign immunity, such immunity has been re-waived through CAFRA. Doc. 16 at 4-8. Thus, the Court examines whether either of these statutes provides a waiver of sovereign immunity enabling Plaintiff to maintain his suit. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (Plaintiff must provide a specific statutory waiver of sovereign immunity).

### 1. The Federal Tort Claims Act and Detention Exception

The FTCA provides limited authorization for suits against the United States for "money damages ... or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, this waiver of sovereign immunity is subject to several exceptions. *See* 28 U.S.C. §§ 2680(a)-(n). At issue here is the "detention exception," which bars claims arising from "the detention of any goods, merchandise, or other property by any officer of customs ... or any other law enforcement officer." 28 U.S.C. § 2680(c). The Supreme Court has interpreted this exemption broadly to apply in claims of negligent handling or storage of retained

property by any federal law enforcement officers. *See Kosak v. United States*, 465 U.S. 848, 852, 854-55 (1984); *Ali v. Fed. Bureau of Pris*ons, 552 U.S. 214, 216 (2008).

Here, Plaintiff's complaint alleges negligence in the handling of his detained property during its seizure and subsequent storage. Doc. 1 at 7. Further, there is no dispute that the relevant agents were federal law enforcement officials employed by the Department of Homeland Security. *See* Doc. 1 at 1-2; Doc. 7 at 4-6. Thus, the general waiver of sovereign immunity provided for claims under the FTCA seems subject to the detention exception in this case. *See* 28 U.S.C. § 2680(c); *Kosak*, 465 U.S. at 854-55.  However, this conclusion does not end the Court's inquiry, as it must resolve whether the "re-waiver" of immunity created by CAFRA allows for the exercise of jurisdiction.

    2. <u>Civil Asset Forfeiture Reform Act Waiver</u>

CAFRA, 18 U.S.C. § 981, reformed the language of the FTCA's detention exception, functionally creating an "exception to the exception" by re-waiving sovereign immunity for a narrow category of claims. *See, e.g., Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008); *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011).  This waiver applies only where a claim satisfies four statutory conditions:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

*See* 28 U.S.C. § 2680(c)(1)-(4).

At issue in this case is the first condition. Defendant claims that the CAFRA waiver is inapplicable on the basis that Plaintiff's property was not seized for the purpose of forfeiture, but instead for the investigatory purpose of gathering evidence for the government's criminal case. *See* Doc. 7 at 6-7. Several circuits, including our own, have interpreted this waiver narrowly to allow federal jurisdiction only where the government has seized a claimant's property *solely* for the purpose of forfeiture. *See Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012); *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) ("We hold that, under CAFRA, the re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized solely for the purpose of forfeiture."); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014) (Adopting *Foster*'s "sole-purpose test"); *Bowens*, 415 F. App'x at 343 (same).

Plaintiff first asserts that these cases do not foreclose his suit, as he alleges that the government's seizure was merely a pretext for forfeiture of his property. However, the facts, as alleged by Plaintiff's Complaint, do not support this conclusion. According to the Complaint, the DHS officials who detained Plaintiff informed him that they were executing a warrant related to alleged gun smuggling. Doc. 1 at 3. Consistent with this explanation, the agents seized Plaintiff's firearms and materials pertaining to Plaintiff's business and firearms collection. Doc. 1 at 4. Further, the government did indict Plaintiff on forty-seven counts of various alleged firearms and importation of firearms charges and returned Plaintiff's seized firearms after the charges were dismissed. Doc. 1 at 5-6. Finally, Plaintiff does not dispute Defendant's contention that the government never instituted forfeiture proceedings nor attempted to retain Plaintiff's property following dismissal of the criminal charges against him. *See* Doc. 7 at 6; Doc. 16. Given these factual allegations, Plaintiffs claims do not find safe harbor within any CAFRA waiver. *See Smoke Shop*, 761 F.3d at 785 (holding that the CAFRA immunity waiver did not apply where the

Complaint's factual allegations give rise to an alternative explanation that the government seized property in connection to its investigation of a possible crime).

Plaintiff further contends that *Foster* and its progeny are distinguishable from the present dispute, as he claims that this case never involved a *legitimate* investigatory purpose. Doc. 16 at 5-8. In support of his assertion, Plaintiff cites the Court's suppression of evidence against him in the criminal proceeding on the basis that the warrant under which the evidence was seized, was supported by an affidavit that, knowingly or recklessly, included false statements or omitted material information. *Id.* at 7; *see also United States v. Adams*, 154 F. Supp. 3d 1202, 1209 (D.N.M. 2014), *aff'd,* 615 F. App'x 502 (10th Cir. 2015). However, this argument conflates the constitutionality of a seizure with the purpose of said seizure. While *Foster* declined to resolve whether sovereign immunity applies where the government offers an investigatory justification as mere pretext for its sole true purpose of forfeiture, *see* 522 F.3d at 1075, n. 2, Plaintiff's Complaint does not reflect that circumstance. As explained above, the government: executed a warrant, indicted Plaintiff related to the property seized, never instituted forfeiture proceedings against Plaintiff's property, and returned his property following dismissal of the charges against him. *See* Doc.1 at 3-6. Given these factual assertions, it is clear that the government acted with a genuine intention of seizing Plaintiff's property in the course of investigating possible crimes, rather than solely for forfeiture. *See, e.g., Smoke Shop*, 761 F.3d at 785.  It is thus of no consequence, for purposes of sovereign immunity, that the fruits of the seizure were ultimately suppressed due to deficiencies in the affidavit offered in support of the warrant. *See Foster*, 522 F.3d at 1075 n. 2 (rejecting CAFRA waiver applied where "there is no suggestion that the criminal investigative purpose of the seizure was not genuine").

Accordingly, this Court does not possess subject matter jurisdiction to adjudicate the claim put forth in Plaintiff's Complaint, and Defendant is entitled to its requested relief of dismissal.

V.   **CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction on the basis of sovereign immunity.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**